UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DR. MARIA S. WILLIAMS                               CIVIL ACTION

VERSUS

THE HOSPITAL SERVICE                    NO.: 15-00095-BAJ-RLB
DISTRICT OF WEST FELICIANA
PARISH, LOUISIANA, ET AL.

## RULING AND ORDER

Before the Court are **Plaintiff's Motion in Limine (Doc. 43)** and **Defendants' Motion in Limine (Doc. 44)**. Plaintiff, in her Motion, seeks an order precluding Defendants from (1) suggesting to the jury that taxpayer funds would be utilized to satisfy any judgment rendered in Plaintiff's favor and (2) claiming that Plaintiff violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") during her time of employment. Defendants, in their Motion, seek an order precluding Plaintiff from offering the testimony of Dr. Eric Waguespack, M.D. ("Dr. Waguespack"), and Mary Brandon ("Brandon"). Defendants filed a memorandum in opposition to Plaintiff's Motion, (*see* Doc. 49), and Plaintiff filed a memorandum in opposition to Defendants' Motion, (*see* Doc. 48). The Court held oral argument on the Motions. For the reasons explained herein, **Plaintiff's Motion in Limine (Doc. 43) is GRANTED IN PART and DENIED IN PART**, and **Defendants' Motion in Limine (Doc. 44) is GRANTED IN PART and DENIED IN PART**.

I.  PLAINTIFF'S MOTION IN LIMINE

   A.  Taxpayer Funds

Plaintiff seeks to preclude Defendants from suggesting to the jury that taxpayer funds would be utilized to satisfy any judgment rendered in Plaintiff's favor. Federal Rule of Evidence 401 provides that "[e]vidence is relevant if . . . (a) it has any tendency to make a fact more or less probable than it would be without the evidence . . . and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides that any evidence that is "relevant" may be admitted unless such evidence is barred by the United States Constitution, federal statute, a provision of the Rules, or case law. *See* Fed. R. Evid. 402.

The fact that taxpayer funds would be used to satisfy any judgment rendered in Plaintiff's favor does not relate to any "fact . . . of consequence in determining the action." Fed. R. Evid. 401. Plaintiff's remaining claim, her First Amendment retaliation claim under 42 U.S.C. § 1983, requires proof that "(1) [P]laintiff suffered an adverse employment decision, (2) [P]laintiff's speech involved a matter of public concern, (3) [P]laintiff's interest in speaking outweighed the [D]efendant[]s['] interest in promoting efficiency, and (4) the protected speech motivated [D]efendant[]s['] conduct." *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004). These are the *only* relevant issues in the case, and therefore any statements specifically related to the character of the funds that would be utilized to satisfy any judgment rendered in Plaintiff's favor are simply irrelevant to this case and thus are inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402.

### B. Claim that Plaintiff Violated HIPAA

Plaintiff seeks to preclude Defendant from claiming that Plaintiff violated HIPAA during her time of employment. Rule 403 provides that "[t]he [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendants assert that the evidence related to Plaintiff's alleged violation of HIPAA – insofar as she disclosed documents that Defendants believe contained HIPAA-protected information to Melvin Young ("Young"), who allegedly was not authorized to receive such documents – is highly relevant to Plaintiff's performance as an employee and to Defendants' reasons for terminating Plaintiff. (*See* Doc. 49 at p 4). Because Defendants allege that Plaintiff's termination was set in motion by her failure to identify the content of the documents that she disclosed to Young, (*see* Doc. 43-3 at p. 9, ll. 21-25; *id.* at p. 10, ll. 1-5), the Court finds that such evidence may be relevant to the issue of whether Plaintiff's "protected speech motivated" Defendants' termination of her employment. *See Kinney*, 367 F.3d at 356. In order to ensure that the relevance of such evidence is not "substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues," Defendants may only present evidence of their alleged *belief* that the documents that Plaintiff disclosed to Young contained HIPAA-protected information; Defendants may *not* attempt to introduce opinion testimony to establish that Plaintiff indeed *violated* HIPAA. Fed. R. Evid. 403.

3

## II. DEFENDANTS' MOTION IN LIMINE

### A. Testimony of Dr. Waguespack

Defendants seek to preclude Plaintiff from offering the testimony of Dr. Waguespack, arguing that his testimony would be barred by the rule against hearsay or, in the alternative, would be unduly prejudicial. Rule 802 provides that hearsay is inadmissible at trial. Fed. R. Evid. 802. Rule 803, however, provides exceptions to the rule against hearsay, including an exception for a "statement that . . . (A) is made for – and is reasonably pertinent to – medical diagnosis or treatment[] and (B) describes medical history[,] past or present symptoms or sensations[,] their inception[,] or their general cause." Fed. R. Evid. 803(4).

Plaintiff's medical records indicate that she visited Dr. Waguespack on August 27, 2014 – five days after the incident during which Defendants allege that she disclosed HIPAA-protected information to Young – for the treatment of "chest pain[,] headaches[,] and anxiety." (Doc. 47 at p. 13). Plaintiff allegedly told Dr. Waguespack that she "started developing headaches" and heart problems "at th[e] time" of that incident. (*Id.*). Should Dr. Waguespack be called as a witness in the trial of this matter, any testimony related to his treatment of Plaintiff for these symptoms would fall squarely within the exception outlined in Rule 803(4): Plaintiff visited Dr. Waguespack and made statements for "medical diagnosis or treatment," and those statements "describe[d] . . . the[] inception" of her symptoms. *Id.* Further, such testimony would be highly relevant to the damages that Plaintiff allegedly has suffered as a result of Defendants' conduct, and that relevance is not "substantially

4

outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

B.     **Testimony of Brandon**

Defendants seek to preclude Plaintiff from introducing the testimony of Brandon, a former employee of Defendants who allegedly was terminated as well, arguing that Brandon's experience of being terminated by Defendants is irrelevant to Plaintiff's First Amendment retaliation claim. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion[,] the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Although the Court may find that evidence of other acts is admissible for such other permissible purposes, the Court nonetheless must submit that evidence to the balancing test of Rule 403, see *Carson v. Polley*, 689 F.2d 562, 573 (5th Cir. 1982), to determine whether the relevance of the evidence is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Even assuming that Plaintiff introduced Brandon's testimony to demonstrate that her "protected speech motivated [D]efendant[]s['] conduct," *Kinney*, 367 F.3d at 356, which would be a permissible purpose under Rule 404(b)(2) to prove Defendants' "motive" or "intent," Fed. R. Evid. 404(b)(2), such testimony would not survive the

5

balancing test of Rule 403. The core inquiry in this case is whether Defendants terminated Plaintiff because of *her* protected speech, and therefore Brandon's testimony has very little relevance to that inquiry. Although Plaintiff asserts that Brandon was terminated under similar circumstances as Plaintiff, which – according to Plaintiff – establishes that Defendants had a pattern and practice of retaliating against persons for engaging in protected speech, the introduction of such evidence would "confus[e] the issues" and "wast[e] time": in order to prove that Defendants had such a pattern, Plaintiff would need to establish not only that Brandon engaged in protected speech, but also that Defendants were *motivated* by Brandon's protected speech when they terminated her employment. This exercise would require an undue amount of time and divert the jury's attention from the actual question that this case presents – whether Defendants terminated *Plaintiff* because of *Plaintiff's* protected speech. See Fed. R. Evid. 403. The limited relevancy of Brandon's testimony therefore is "substantially outweighed by a danger of . . . confusing the issues [and] wasting time," and Brandon shall be precluded from testifying in this matter.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion in Limine (Doc. 43)** is **GRANTED IN PART** and **DENIED IN PART**. Defendants are precluded from suggesting to the jury that taxpayer funds would be utilized to satisfy any judgment rendered in Plaintiff's favor. Defendants may, however, offer testimony that Plaintiff disclosed to an allegedly unauthorized individual documents that Defendants believe contained information that was protected under the Health Insurance Portability and Accountability Act of 1996, but Defendants may *not* offer opinion testimony that Plaintiff indeed *violated* the Health Insurance Portability and Accountability Act of 1996.

**IT IS FURTHER ORDERED** that **Defendants' Motion in Limine (Doc. 44)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may offer the testimony of Dr. Eric Waguespack, M.D., but Plaintiff shall be precluded from offering the testimony of Mary Brandon.

Baton Rouge, Louisiana, this 28th day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA